UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SWOOZIE'S, INC., ) | Case No. 10-66316-CRM |
| ) | |
| Debtor. ) | |
| ) | |

**OBJECTION OF COUSINS PROPERTIES, INCORPORATED AND RREEF MANAGEMENT COMPANY TO DEBTOR'S MOTION FOR ORDERS (A)(I) APPROVING SALE PROCEDURES AND BIDDING PROTECTIONS TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF DEBTOR'S ASSETS, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE OF DEBTOR'S ASSETS, AND (III) APPROVING NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE OF ASSETS; AND (B)(I) AUTHORIZING AND APPROVING THE ASSET PURCHASE, AGENCY, AND LEASE DESIGNATION RIGHTS AGREEMENTS WITH HUDSON CAPITAL PARTNERS, LLC, OR SUCH OTHER PURCHASER(S) PROVIDING HIGHER OR OTHERWISE BETTER OFFER(S), (II) AUTHORIZING THE SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (III) AUTHORIZING DEBTOR TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE ABOVE, AND (IV) GRANTING OTHER RELIEF**

Cousins Properties, Incorporated and RREEF Management Company as the landlord or agent for the landlord (collectively, the "Landlords") for five (5) shopping centers (the "Centers") where the Debtor is a tenant, submit this objection to the Debtor's Motion for Orders (A)(I) Approving Sale Procedures and Bidding Protections to be Employed in Connection with the Proposed Sale of Debtor's Assets, (II) Scheduling an Auction and Hearing to Consider Approval of the Sale of Debtor's Assets, and (III) Approving Notice of Respective Dates, Times, and Places for Auction and for Hearing on Approval of Sale of Assets; and (B)(I) Authorizing and Approving the Asset Purchase, Agency, and Lease Designation Rights Agreements with Hudson Capital Partners, LLC, or Such Other Purchaser(s) Providing Higher or Otherwise Better Offer(s), (II) Authorizing the Sale of Debtor's Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing Debtor to Consummate All Transactions Related to the Above, and (IV) Granting Other Relief (*see* Docket No. 35; the "Sale Procedures Motion").

1

31516457.2

The Landlords do not necessarily take issue with the Debtor's decision to sell substantially all of its assets, but the manner in which the sale is conducted must be subject to reasonable controls so as to minimize the disruption of business of the other tenants at the shopping centers and protect the Landlords' rights, while providing the Debtor a fair opportunity to realize value on the sale of its assets.

In support of their Objection, Landlords respectfully represent as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on March 2, 2010. The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. The Landlords are the owners of or managing agents for the Centers where the Debtor is a lessee under a lease of nonresidential real property for retail sales space (collectively, the "Leases"). Each of the Leases is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-1087 (3rd Cir. 1990). The Leases are described with greater particularity as follows:

> *The Cousins Centers*
> Avenue Carriage Crossing (Debtor's Store No. 11)
> Avenue West Cobb (Debtor's Store No. 4)
> Avenue Peachtree (Debtor's Store No. 6)
>
> *The RREEF Centers*
> The Shops at Greenridge (Debtor's Store No. 10)
> The Arboretum at South Barrington (Debtor's Store No. 31)

3. Among other things, the Sale Motion seeks authority to sell substantially all of the Debtor's assets (the "Assets"), conduct what are commonly referred to as going-out-of-business ("GOB") sales, sell designation rights for the Leases, and possibly assume and assign the Leases. Hudson Capital Partners, LLC ("Hudson Capital") is presently the stalking-horse bidder.

4. As detailed below, the Landlords object to the proposed timeline for the sale of the Assets, the proposed GOB sale guidelines, and reserves its rights to object to any proposed assignees of the Leases or to any of the relief sought in the Sale Motion at a later time.

2

31516457.2

*The Proposed Timeline for Sale of the Assets*

5. The timeline in the Sale Procedures Motion is as follows:

- Tuesday, March 23, 2010 – Bid Deadline
- Thursday, March 25, 2010 – Auction if overbids are received
- Monday, March 29, 2010 – Sale approval hearing

6. Fundamental concepts of due process require that "notice [must be] reasonably calculated . . . to apprise interested parties of the pendency of an action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also Sullivan v. Barnett*, 139 F.3d 158, 171 (3rd Cir. 1998) (due process requires notice and a meaningful opportunity to be heard); and *Anthony v. Interform Corp.*, 96 F.3d 692, 697 (3rd Cir. 1996) ("fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner"). In the bankruptcy context, due process requires that a creditor receive notice of any proceeding which is to be afforded finality. Such notice must be reasonably calculated to apprise the interested parties of the pendency of an action and to afford them an opportunity to present objections. *Fireman's Fund Mortgage Corporation v. Hobdy* (*In re Hobdy*), 130 B.R. 318, 320 (Bankr. 9th Cir. 1991) (citations omitted). As discussed in greater detail below, the timeline proposed by the Sale Motion deprives the Landlords of a meaningful opportunity to be heard on certain provisions of the Bankruptcy Code that are intended to protect the Landlords. In light of these shortcomings, the procedures setting forth the timeline for the sale of the Assets in the Sale Motion should not be approved as proposed.

7. The Landlord must have an opportunity to object the successful bidder (be it Hudson or an overbidder), but under the Debtor's timeline there is no such opportunity. If there is an auction, the Landlords will have one business day (*i.e.*, March 26, 2010) to object to the successful bidder, any evidence of adequate assurance of future performance, GOB sale guidelines, and (possibly) a lease designation rights agreement. The proposed timeline hardly provides the Landlords with a meaningful opportunity to be heard.

31516457.2

*The GOB Sale Guidelines*

8.     Although the Sale Procedures Motion does not appear designed to approve the GOB sale guidelines at this time, Hudson Capital (and any potential overbidder) should be aware that the Landlords object to various provisions of the proposed GOB sale guidelines (the "Sale Guidelines").

9.     The ability of the Debtor to conduct GOB sales is not absolute.  An outright attempt to enforce an anti-GOB sale clause would contravene the overriding federal policy requiring a debtor in possession to maximize assets of the estate by imposing additional constraints never envisioned by Congress.  *See In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992).  However, a debtor's need to maximize return to creditors of the estate by conducting GOB sales does not mean a landlord is without recourse.   In *Ames*, the Bankruptcy Court recognized the competing interests at play between a shopping center and a retail debtor, and held: "*That is not to say the Code abrogates all lease provisions and statutes conditioning GOB sales.  Section 363(e) reserves for bankruptcy courts the discretion to condition the time, place and manner of GOB sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the [Debtor] to fulfill its fiduciary obligations.*"  *Ames*, 136 B.R. at 359 (emphasis added).

10.    At a minimum, to properly balance the interests of the Debtor and the other tenants at the Centers, the Sale Guidelines should be modified as follows:

   a.    There should be no augmentation of merchandise.  *See* the Sale Guidelines at ¶ 3.  As a preliminary matter, the Debtor's stores at the Centers should not serve as an outlet for merchandise which a liquidator has previously been unable to sell.  To the extent any augmentation is allowed, it must be with merchandise of like kind and quality an comply with the use provisions of the Leases.

   b.    The number, size, color, and location of signs should be specified, and the use of any exterior banner should be prohibited.  *See* the Sale Guidelines at ¶ 4.  The language for all signage should be specified.  Use of phrases such as "bankruptcy court authorized," or "bankruptcy" in signage at the Shopping Centers should be prohibited, as it tends to cheapen the appearance and ambience of the shopping center as a whole.  The signage should be limited to phrases such as "store closing," or "inventory clearance sale."

The Landlords object to the use of any banners at the Centers because banners are prohibited by the Leases.  The Landlords also object to "sign walkers" (commonly know as sandwich boards) and "customary street signage" (*see* the Sale Guidelines at ¶ 4), as well as the use of large balloons tethered to the roof the Premises, because such tactics are not only excessive, but similarly cheapen the look of the Shopping Centers.

        c.      Because there may be a dispute as to whether distribution of leaflets or other written material outside the Premises is "customary" (see the Sale Guidelines at ¶ 6), leafleting should not be permitted.

        d.      There is no basis to limit the Debtor's liability relating to abandoned property, particularly if the lease has not been rejected. *See In re Muma Services, Inc.*, 279 B.R. 478, 485- 486 (Bankr. D. Del. 2002).  As such, the Landlords should not bear the cost or liability of storing personal property prior to abandonment or lease rejection by the Debtors. *Cf.* the Sale Guidelines at ¶¶ 7 and 12.

        e.      At the conclusion of the GOB Sales and pending any assumption or rejection of the Leases, the Landlords should be allowed to "paper" or "dress" the windows of the Premises to minimize the appearance of a dark store.

        f.      Auctions (*see* the Sale Guidelines at ¶ 15) are not permitted under the Leases and should not be permitted at the Shopping Centers.

*Reservation of Rights Regarding Lease designation Rights and any Assumption and Assignment of the Lease*

11.      Because the Leases are shopping center leases, all of the elements of 11 U.S.C. §§ 365(b)(3)(A) – (D) must be satisfied.  The Landlords reserve all objections relating to the designation rights agreement, adequate assurance of future performance by proposed assignees of the Leases, and the cure payable if the Leases are assumed and assigned.

31516457.2

12. In addition to the foregoing, and to the extent not inconsistent with the protections requested here, the Landlords also join in the objection(s) of any other shopping center lessors to the relief proposed by the Sale Procedures Motion.

Dated:  March 8, 2010                  **KATTEN MUCHIN ROSENMAN LLP**
Thomas J. Leanse
Brian D. Huben

By:    */s/ Brian D. Huben*
        Brian D. Huben
        Attorneys for Landlord Creditors
        Cousins Properties, Incorporated
        and RREEF Management Company

31516457.2

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, California 90067.

On March 8, 2010, I served the foregoing document(s) described as **OBJECTION OF COUSINS PROPERTIES, INCORPORATED AND RREEF MANAGEMENT COMPANY TO DEBTOR'S MOTION FOR ORDERS (A)(I) APPROVING SALE PROCEDURES AND BIDDING PROTECTIONS TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF DEBTOR'S ASSETS, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE OF DEBTOR'S ASSETS, AND (III) APPROVING NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE OF ASSETS; AND (B)(I) AUTHORIZING AND APPROVING THE ASSET PURCHASE, AGENCY, AND LEASE DESIGNATION RIGHTS AGREEMENTS WITH HUDSON CAPITAL PARTNERS, LLC, OR SUCH OTHER PURCHASER(S) PROVIDING HIGHER OR OTHERWISE BETTER OFFER(S), (II) AUTHORIZING THE SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (III) AUTHORIZING DEBTOR TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE ABOVE, AND (IV) GRANTING OTHER RELIEF** on the interested parties in this action as follows:

**(X)    (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") – See attached service list)**  Pursuant Local Bankruptcy Rules ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 8, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

Wendy R. Reiss, Esq. – wendy.reiss@alston.com
Lindsey N.P. Swift – lindsay.n.swift@usdoj.gov
Vivieon E. Kelley – vivieon.e.kelley@usdoj.gov
U.S. Trustee - ustpregion21.at.ecf@usdoj.gov
Ronald M. Tucker – rtucker@simon.com
Epiq Bankruptcy Solutions – r.jacobs@ecf.epiqsystems.com
James S. Rankin – jrankin@phrd.com
Tamara Miles Ogier – tmo@eorrlaw.com
Victor W. Newmark – bankruptcy@evict.net
Bryan T. Glover – bglover@burr.com
Mark L. Duedall – mduedall@hunton.com

**(  )    (SERVED BY U.S. MAIL OR OVERNIGHT MAIL)** (indicate method for each person or entity served)**:** On March 8, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 8, 2010, at Los Angeles, California.

*/s/ Donna Carolo*
Donna Carolo

8