**IT IS ORDERED as set forth below:**

**Date: March 10, 2010**

_____

**C. Ray Mullins**
**U.S. Bankruptcy Court Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SWOOZIE'S, INC.,[1] | ) | Case No. 10-66316-CRM |
| | ) | |
| Debtor. | ) | |

**ORDER (A)(I) APPROVING SALE PROCEDURES AND BIDDING
PROTECTIONS TO BE EMPLOYED IN CONNECTION WITH THE
PROPOSED SALE OF DEBTOR'S ASSETS, (II) SCHEDULING AN
AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE OF
DEBTOR'S ASSETS, AND (III) APPROVING NOTICE OF RESPECTIVE
DATES, TIMES, AND PLACES FOR AUCTION AND FOR HEARING ON
APPROVAL OF SALE OF ASSETS AND OTHER RELATED RELIEF**

The above-captioned debtor and debtor in possession ("**Debtor**"), having

requested by motion dated March 4, 2010 (the "**Sale Motion**")[2] orders (A)(I) approving

the sale procedures and bidding protections (collectively, the "**Bidding Procedures**") to

be employed in connection with the proposed sale (the "**Sale**") of substantially all of

Debtor's assets (the "**Assets**") pursuant to Section 363 of the United States Bankruptcy

---

[1]  The last four digits of Debtor's taxpayer identification number are 5738 and Debtor's mailing address is
80 W. Wieuca Road, Suite 302, Atlanta, GA 30342.

Code, (II) scheduling an auction and hearing to consider approval of the Sale of the

Assets to Hudson Capital Partners, LLC (the "**Stalking Horse**"), or such other

purchaser(s) providing a higher or otherwise better offer for any or all of the Assets; (III)

approving notice of the respective dates, times, and places for an auction and for the

hearing on approval of the Sale (the relief requested in such items (A)(I) through (III) is

collectively referred to herein as the "**Initial Relief**"); and (B)(I) authorizing and

approving the proposed asset purchase, agency, and lease designation rights agreements

with Hudson Capital Partners, LLC, or such other purchaser providing a higher or

otherwise better offer; (II) authorizing the Sale of the Assets free and clear of liens,

claims, encumbrances, and other interests; (III) authorizing Debtor to consummate all

transactions related to the above; and (IV) granting other relief; and the Court having

conducted a hearing (the "**Bidding Procedures Hearing**") on March 8, 2010, to consider

the Initial Relief; and Debtor, as seller, and Hudson Capital, as purchaser, having entered

into the Agreements, dated as of March 4, 2010 (the "**Agreements**"), pursuant to which

Hudson Capital would acquire the Assets, subject to higher or otherwise better offers and

the approval of this Court, including a series of bidding procedures and protections

substantially in the form attached hereto as Exhibit A (the "**Bidding Procedures**"); and

upon the record of the Bidding Procedures Hearing; and having resolved or otherwise

overruled any and all objections presented at the Bidding Procedures Hearing; and it

appearing that, under the circumstances here present, good and sufficient notice of the

relief sought and granted in this Order having been given, and good and sufficient cause

existing to have conducted the Bidding Procedures Hearing and approve the Initial

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion or the Bidding Procedures (as defined herein), as applicable.

Relief; and it further appearing that no other or further notice of the relief provided for herein need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.    Debtor has articulated good and sufficient reasons for approving the Bidding Procedures and the Auction and Hearing Notice, in connection with the Sale of the Assets.

B.    The Bidding Procedures, substantially in the form attached hereto as Exhibit A, are reasonable and appropriate and are designed to maximize the recovery on the Assets.

C.    The Auction and Hearing Notice, substantially in the form attached hereto as Exhibit B, provides due, adequate, and timely notice of the Auction, the Sale, and the other transactions (collectively, the "**Transactions**"), in accordance with Bankruptcy Rule 2002 and the applicable provisions of the Bankruptcy Code.

D.    The scope of the notice of the Auction, the Sale, and all the other Transactions proposed to be provided by Debtor in the Sale Motion and the Bidding Procedures constitutes due, sufficient, and adequate notice to all parties in interest of the Auction, the Sale, and all the other Transactions.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Initial Relief requested in the Sale Motion is GRANTED; and it is further

ORDERED that all unresolved objections to the Initial Relief, if any, are overruled in their entirety; and it is further

- 3 -

ORDERED that Debtor may conduct the Auction in accordance with the Bidding Procedures, which procedures are hereby approved in their entirety; and it is further

ORDERED that Debtor is authorized and directed to cause the Auction and Hearing Notice to be served, via first-class United States mail and in the manner specified in the Bidding Procedures, no later than one (1) business day following the entry of this Order.  Such service shall be deemed due, timely, good, and sufficient notice of the entry of this Order, the Auction, the Sale Motion, the Sale Hearing and the Bidding Procedures, and all of the Transactions, and all proceedings to be held thereon; and it is further

ORDERED that Debtor is authorized to publish an abbreviated version of the Auction and Hearing Notice one or more times prior to the Auction in an appropriate publication or publications to be determined by Debtor, if they decide, in consultation with Wells Fargo and counsel to the Committee, that such publication is in the best interests of Debtor's estate; and it is further

ORDERED that bids for the acquisition of the Assets and/or the Exclusive Rights must be in writing, comply with the terms and conditions set forth in the Bidding Procedures, and be received by: Debtor's financial advisors, Clear Thinking Group, Lee Diercks        (ldiercks@clearthinkinggrp.com),        Alan        Minker (aminker@clearthinkinggrp.com),   Roxanne   Norris   (rnorris@clearthinkinggrp.com); counsel to Debtor, Alston & Bird LLP, Wendy R. Reiss (wendy.reiss@alston.com), Sage M. Sigler (sage.sigler@alston.com), Dennis J. Connolly (dennis.connolly@alston.com); counsel to Wells Fargo, Parker Hudson Rainer & Dobbs LLP, James S. Rankin (jsr@phrd.com); counsel to the Committee, Arnall Golden Gregory LLP, Darryl S.

Laddin (darryl.laddin@agg.com), Michael F. Holbein (michael.holbein@agg.com); and the Committee's financial advisors, Traxi, LLC, Steve San Filippo (ssanfilippo@traxi.com) no later than **12:00 noon** on **March 23, 2010** (the "**Bidding Deadline**"); and it is further

ORDERED that Debtor, in consultation with Wells Fargo and counsel to the Committee, have the right to reject any and all Competing Bids (other than that of Hudson Capital set forth in the Agreements, subject to the terms and conditions thereof) at its discretion in the exercise of its business judgment; and it is further

ORDERED that the Breakup Fee in favor of Hudson Capital and any and all procedures associated therewith are hereby approved; and it is further

ORDERED that if, in addition to the bid of Hudson Capital as embodied in the Agreements, one or more Qualified Bids are received by the Bidding Deadline, the Auction will be conducted at the offices of Alston & Bird LLP, 1180 West Peachtree Street, Fifteenth Floor, Atlanta, Georgia 30309, or at another location as may be timely disclosed by Debtor to Qualified Bidders, at **10:00 a.m.** on **March 25, 2010** (the "**Auction Date**"); and it is further

ORDERED that if, however, the only Bid received by the Bidding Deadline (unless the Debtors have extended such deadline in accordance with the terms of the Bidding Procedures) is the bid embodied in the Agreements, then the Auction will not be held, Hudson Capital will be deemed the Winning Bidder for the Assets, and Debtor is authorized to seek approval thereof at the Sale Hearing; and it is further

ORDERED that Debtor shall  file with this Court and serve on the Master Service List a supplement (the "**Supplement**") setting forth the results of the Auction and the

Winning Bid and the Second Place Bid (if any). To the extent Hudson Capital's bid is not the Winning Bid, the Supplement shall identify, among other things, (a) the proposed purchaser(s) of the Assets and (b) the consideration to be paid by such purchaser(s) for the Assets. In addition, Debtor will attach to the Supplement, as exhibits, (a) any proposed order approving the Sale and (b) copies of the agreement(s) entered into by Debtor and the Winning Bidder(s). Debtor will file and serve the Supplement as promptly as is reasonably practicable prior to the Sale Hearing; and it is further

ORDERED that Debtor has the right, in consultation with Wells Fargo and counsel to the Committee, to (a) amend and/or impose additional terms and/or conditions at or prior to the Auction that they believe will better promote the goals of the Auction and are not inconsistent with the terms and requirements set forth in the Agreements, and (b) subject to the terms of the Agreements, extend the deadlines set forth in the Bidding Procedures for one or more Qualified Bidders and/or adjourn the Auction and/or the Sale Hearing in open court or on the Court's calendar on the date scheduled for said hearing without further notice to creditors or parties in interest; and it is further

ORDERED that Bids submitted on or prior to the Bidding Deadline as modified by a Bidder at the Auction shall remain open and irrevocable until the Sale Hearing, provided, however, that the Winning Bid and the Second Place Bid shall be deemed to remain open and irrevocable until the closing of a transaction or further order of the Court (except as otherwise may be set forth in the Agreements with respect to Hudson Capital). Acceptance of a Bid shall, in all respects, be subject to entry of an order by this Court that, among other things, authorizes Debtor to close a sale to the Winning Bidder. Following the Sale Hearing, if any Winning Bidder fails to close an approved sale

because of a breach or failure to perform on its part, the applicable Second Place Bid shall be deemed to be the Winning Bid, and the Debtors shall be authorized, but not required, to close the Sale with the Bidder submitting such bid (i) without the need for further notice or order of the Court and (ii) without prejudice to Debtor's right to seek all available damages from the defaulting offeror; and it is further

ORDERED that the Sale Hearing, during which the Court will consider the remaining relief requested in the Sale Motion and the results of the Auction, including any proposed augmentation of inventory to occur after the auction, shall be held at the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Courtroom 1203, 75 Spring Street Southwest, Atlanta, Georgia, 30303 on **March 29, 2010** at **9:30 a.m.**; and it is further

ORDERED that, except as otherwise set forth herein, objections, if any, to the remaining relief sought in the Sale Motion must be in writing, stating with particularity the grounds for such objection or other statements of positions, and filed and served so as to be actually received by undersigned counsel to Debtor, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309 attention: Wendy R. Reiss (wendy.reiss@alston.com); counsel to Wells Fargo, Parker Hudson Rainer & Dobbs LLP, 285 Peachtree Center Avenue, NE, 1500 Marquis Two, Atlanta, GA 30303 attention: James S. Rankin (jsr@phrd.com); and counsel to the Committee, Arnall Golden Gregory LLP, 171 17th Street NW, Suite 2100, Atlanta, GA 30363 attention: Darryl S. Laddin (darryl.laddin@agg.com), Michael F. Holbein (michael.holbein@agg.com); and counsel to Hudson Capital, Scroggins & Williamson, P.C., 1500 Candler Building, 127 Peachtree Street, Atlanta, Georgia 30303 attention:

J. Hayden Kepner, Jr. (hkepner@swlawfirm.com) by **5:00 p.m. on March 26, 2010**; and it is further

ORDERED that all discretionary decisions of Debtor in connection with the Auction or the sale contemplated hereby, including decisions pursuant to the Agreements, shall be made in consultation with Wells Fargo and counsel for the Committee; and it is further

ORDERED that this Order shall become effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

***END OF DOCUMENT***

*Prepared and presented by:*

ALSTON & BIRD LLP

/s/Wendy R. Reiss
Dennis J. Connolly (Bar No. 182275)
Wendy R. Reiss (Bar No.600295)
Sage M. Sigler (Bar No. 300707)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

# **Exhibit A**

## **Bidding Procedures**

## BIDDING PROCEDURES

The following procedures (collectively, the "**Bidding Procedures**") shall govern the auction (the "**Auction**") of all of the Debtor's right, title and interests in certain assets (the "**Assets**"), or the exclusive right to act as Debtor's agent to market and sell all or certain of the Assets (the "**Exclusive Rights**"), of Swoozie's, Inc. ("**Debtor**"), debtor in possession in a case pending in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**").

These Bidding Procedures have been approved and authorized by an order of the Honorable C. Ray Mullins, United States Bankruptcy Court Judge, dated March __, 2010 (the "**Bidding Procedures Order**") in the chapter 11 case of Debtor, which case was commenced on March 2, 2010 (the "**Petition Date**").  All decisions made by Debtor regarding the implementation of these Bidding Procedures, including at any Auction or sale contemplated herein, shall be made after consultation with (a) Wells Fargo Bank, National Association, Debtor's prepetition lender and postpetition DIP lender ("**Wells Fargo**") and (b) counsel to the official committee of unsecured creditors appointed in this case (the "**Committee**").

1.      Assets and Exclusive Rights to be Sold

Debtor will consider bids for its Assets and/or Exclusive Rights in any combination.  The Assets and Exclusive Rights will be sold free and clear of all liens, claims, encumbrances, and other interests, subject to agreement to the contrary with the successful bidder.  The Assets and Exclusive Rights to be so auctioned include, among other things, all the business, goodwill, operations as a going concern (if applicable), assets, interests and rights owned, leased, licensed or used by Debtor of every kind and wherever situated or the exclusive right to act as Debtor's agent to market and sell some or all of the foregoing.  The Assets and Exclusive Rights do not include (i) Debtor's rights under any pre-petition or post-petition financing agreements, (ii) any bankruptcy causes of action, causes of action against insiders (or claims against insurance related thereto) or causes of action against parties asserting secured claims against Debtor; or (iii) unless otherwise expressly specified, any claims or causes of action not related to the Assets or Exclusive Rights being transferred or sold pursuant to the Auction.  To the extent Exclusive Rights are sold separate and apart from the underlying Asset, Debtor, or the purchaser of the Asset if applicable, will retain title to such Asset and only the right to act as Debtor's agent to market and sell the Asset will transfer to the purchaser of the Exclusive Right as set forth in the related asset purchase agreement and/or agency agreement.

The Assets and Exclusive Rights will be offered in the following overlapping general categories:

**All Assets Combined**: All or substantially all of the Assets of Debtor.

**Inventory/Merchandise**: All finished goods inventory that is owned by Debtor.

**Furniture, Fixtures and Equipment**: Furniture, fixtures and equipment (other than artwork and visuals) owned by Debtor.

**Intellectual Property**: All intellectual property owned by Debtor.

**Lease Designation Rights**: Right to act as Debtor's exclusive agent with respect to designating rights under Debtor's interest in nonresidential real property leases.

**Exclusive Rights**: Right to act as Debtor's exclusive agent to market and sell Debtor's Assets.

At the Auction, all bidders (including Hudson) will be required to allocate and specify any portion of the proposed purchase price that is attributable to Assets or Exclusive Rights other than with respect to inventory and merchandise. With respect to Assets or Exclusive Rights that may be subject to liens asserted on Schedule 1 to these Bid Procedures, Debtor may require a bidder to allocate the proposed purchase price on a line item by line item basis.

Any party in interest who wishes to receive a copy of the Sale Motion, including all exhibits thereto, may obtain a copy, free of charge, on the Claims Agent's website: http://dm.epiq11.com/Swoozies. Alternatively, parties may request such copies by written request to Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309, Attn: Wendy R. Reiss (Telephone: 404-253-8904, Facsimile: 404-253-8791, swoozies@alston.com).

2.      The Stalking Horse Agreement with Hudson Capital Partners, LLC

Debtor has entered into, or soon intends to enter into, an Asset Purchase Agreement (the "**APA**"), an Agency Agreement (the "**Agency Agreement**") and a Lease Designation Rights Agreement (the "**Lease Designation Agreement**) (collectively, the "**Agreements**") with Hudson Capital Partners, LLC ("**Hudson**"), pursuant to which Hudson would acquire substantially all of Debtor's Assets and Exclusive Rights and all Assets and Exclusive Rights described in Section 1 hereof, subject to higher or otherwise better offers and court approval. In the Agreements, the Assets are collectively defined to include, among other things, all Leaseholds, Equipment, Fixtures, Inventory, and Intellectual Property (as those terms are defined in the Agreements) in which Debtor has an interest, and all proceeds and products thereof.

The proposed Guaranteed Amount (as defined in the Agency Agreement) under the Agreements is $5,430,000, subject to certain adjustments as described in Section 5.3 and 10.1 of the Agency Agreement.

Hudson has provided Debtor a deposit in the amount of $543,000, which is ten percent (10%) of the estimated amount of the Guaranteed Amount.

The Agency Agreement provides for the payment of a breakup fee to Hudson in an amount equal to $75,000, which will be payable only if Hudson is ready, willing and able to close and a higher or otherwise better alternative transaction or transactions are closed, and only from the cash proceeds paid from such alternative transaction(s) (a "**Breakup Fee**"). Additionally, in the event at least one day prior to the scheduled Auction, Debtor, in consultation with the Committee and Wells Fargo, cancels the Auction because Debtor intends to pursue a reorganization transaction, Hudson will waive its entitlement to the Breakup Fee, provided that it will be entitled to reimbursement of its out of pocket expenses incurred in this case, including attorneys fees, in an amount not to exceed $35,000.

3.      Submission of Bids

Debtor intends to deliver requests for bids to all parties who are known to have expressed an interest in acquiring the Assets and/or the Exclusive Rights.

In the Auction and Hearing Notice, Debtor will invite all potential bidders to request a copy of a confidentiality agreement from the Debtor's financial advisors, Clear Thinking Group ("**CTG**"). The Auction and Hearing Notice will be served upon all parties who appear on Debtor's Master Service List, Landlords with respect to Debtor's non-residential real property leases, the Attorney General's Office for each state in which Debtor's stores are located, parties having liens on Debtor's Equipment and all other

parties requesting notice in this chapter 11 case. CTG, on its own initiative, may also send a copy of a confidentiality agreement to those parties who have not yet executed one but whom CTG, Debtor, the Committee, and/or Wells Fargo have identified as being likely to be interested in making an offer to purchase the Assets and/or the Exclusive Rights and participating in the Auction. All parties who timely execute and return a confidentiality agreement to CTG and who provide, in Debtor's discretion, in consultation with Wells Fargo and counsel to the Committee, information demonstrating sufficient financial wherewithal, will be provided certain due diligence materials, including, but not limited to, a process letter, and access to an electronic Data Room containing information, among other things, relevant to Debtor's inventory, forecasts, earnings and revenues.

Thereafter, Debtor and CTG shall entertain any further reasonable requests for additional information and due diligence from any party who has so executed a confidentiality agreement and provided the required satisfactory evidence of financial wherewithal, and has also submitted a written non-binding expression of interest to the reasonable satisfaction of Debtor and its advisors. Debtor, in its discretion and after consultation with Wells Fargo and counsel to the Committee, may deny any such requests for additional information, if, after taking into account, among other things, business factors (such as whether the proposed purchaser is currently a competitor of Debtor), legal, regulatory, and other considerations, Debtor determines that denying such a request would be in the best interest of its estate and creditors or is otherwise consistent with the goals of the Auction and the Sale.

Written bids for the acquisition of the Assets and/or the Exclusive Rights must be received by Clear Thinking Group, Lee Diercks (ldiercks@clearthinkinggrp.com), Alan Minker (aminker@clearthinkinggrp.com), Roxanne Norris (rnorris@clearthinkinggrp.com); counsel to Debtor, Alston & Bird LLP, Wendy R. Reiss (wendy.reiss@alston.com), Sage M. Sigler (sage.sigler@alston.com), Dennis J. Connolly (dennis.connolly@alston.com); counsel to Wells Fargo, Parker Hudson Rainer & Dobbs LLP, James S. Rankin (jsr@phrd.com); counsel to the Committee, Arnall Golden Gregory LLP, 171 17th Street NW, Suite 2100, Atlanta, GA 30363 attention: Darryl S. Laddin (darryl.laddin@agg.com), Michael F. Holbein (michael.holbein@agg.com); and the Committee's financial advisors, Traxi, LLC, Steve San Filippo (ssanfilippo@traxi.com) no later than **12:00 noon** on **March 23, 2010** (the "**Bidding Deadline**"), as scheduled pursuant to the Bidding Procedures Order. Debtor, in consultation with Wells Fargo and counsel to the Committee may, but in no way is obligated to, extend the deadlines contained in the Bidding Procedures for one or more Qualified Bidders (as such term is defined below).

Only Qualified Bidders will be entitled to bid at the Auction, unless either Debtor, in consultation with Wells Fargo and counsel to the Committee, or the Court determines otherwise. Hudson will be deemed a Qualified Bidder for purposes of the Auction. Within 24 hours after the Bidding Deadline, Debtor shall notify all parties who submitted a bid whether or not they constitute a Qualified Bidder.

In addition to Hudson, a "Qualified Bidder" is one who has substantially complied with the terms and conditions set forth herein, and has demonstrated the ability to close the transaction to the reasonable satisfaction of Debtor, in consultation with Wells Fargo and counsel to the Committee. In order to be considered for Qualified Bidder status, a Person must: (a) make a Bid (as that term is defined below); (b) provide evidence reasonably satisfactory to Debtor and its financial advisor (in consultation with Wells Fargo and the Committee) of such bidder's ability to fund the Guaranteed Amount in full at closing and to assume any liabilities for obligations proposed to be assumed from and after the Closing; (c) complete and execute a confidentiality agreement acceptable to Debtor and its professionals in consultation with Wells Fargo and counsel to the Committee; and (d) provide an earnest money deposit equal to ten percent (10%) of the Guaranteed Amount (a "**Deposit**").

3

Deposits shall be in the form of a wire transfer to the account of an escrow agent selected by Debtor (the "**Escrow Agent**"), pursuant to instructions to be provided upon request.  All Deposits for Bids shall be deposited in an escrow account under an escrow agreement with the Escrow Agent, and shall be returned pursuant to the terms of the escrow agreement.

Any Deposit, together with any interest earned thereon, shall be returned to any Bidder whose Bid is not accepted by Debtor within three business days of the conclusion of the Sale Hearing, except that in the case of the party (or parties) who submits the Second Place Bid (as such term is defined below) Debtor reserves the right to retain such deposit until three days after the transactions with the Winning Bidder (as such term is defined below) has been consummated.  If the Winning Bidder fails to consummate the purchase of the Assets or the Exclusive Rights, and such failure to consummate the purchase is the result of a breach by the Winning Bidder, the Winning Bidder's Deposit shall be forfeited to Debtor and Debtor specifically reserves the right to seek all available damages from the defaulting offeror.

To be considered a Bid, a bid must (a) identify the Assets and/or Exclusive Rights to which it relates; (b) state the Guaranteed Amount to be paid for the Assets and/or Exclusive Rights; (c) state any non-cash consideration to be paid for the Assets and/or Exclusive Rights and provide information concerning such non-cash consideration to permit Debtor to accurately assess the value thereof; (d) identify each and every executory contract or unexpired lease, the assumption and assignment of which is a condition to closing; (e) identify pre-petition liabilities to be assumed or paid and the manner and timing of such assumption and/or payment; (f) provide sufficient indicia that such bidder or its representative is legally empowered, by power of attorney or otherwise, (i) to bid on behalf of the prospective bidder and (ii) to complete and sign, on behalf of the bidder, a binding and enforceable agreement to purchase the Assets and/or Exclusive Rights; (g) not contain any contingencies to closing, including, without limitation, contingencies for financing, diligence, board approval, or similar contingencies or condition; (h) fully disclose the identity of entities, if any, which shall be acquiring directly or indirectly a portion of the Assets and/or Exclusive Rights under or in connection with a Bid; and (i) include a definitive closing date no later than March 30, 2010.

Bids submitted on or prior to the Bidding Deadline as modified by a Bidder at the Auction shall remain open and irrevocable until the Sale Hearing; provided, however, that the Winning Bid and the Second Place Bid shall be deemed to remain open and irrevocable until the closing of a transaction with respect to the Assets and/or Exclusive Rights that are the subject of such Bid or further Order of the Court (except as otherwise may be set forth in the Agreements with Hudson).  Acceptance of a Bid shall, in all respects, be subject to entry of an order by the Court that, among other things, authorizes Debtor to close a sale to the Winning Bidder.  Following the Sale Hearing, if any Winning Bidder (as the case may be) fails to consummate an approved sale because of a breach or failure to perform on its part, the next highest or otherwise best Qualified Bid, as disclosed at the Auction (the "**Second Place Bid**"), shall be deemed to be the Winning Bid, and Debtor shall be authorized, but not required, to consummate the Sale with the Bidder submitting such Bid (i) without the need for further notice or order of the Court and (ii) without prejudice to Debtor's right to seek all available damages from the defaulting Winning Bidder.

4.    The Auction and Selection of the Winning Bid

If, in addition to the Bid of Hudson as embodied in the Agreements, one or more Qualified Bids are received by the Bidding Deadline, the Auction will be conducted at the offices of Alston & Bird LLP, 1180 West Peachtree Street, Fifteenth Floor, Atlanta, Georgia 30309, or at another location as may be timely disclosed by Debtor to Qualified Bidders, on or about **10:00 a.m.** on **March 25, 2010** (the "**Auction Date**").

If, however, the only Bid received by the Bidding Deadline (unless Debtor has extended such deadline in accordance with the terms hereof) is the bid embodied in the Agreements with Hudson, then the Auction will not be held and Hudson will be deemed the Winning Bidder for the Assets and the Exclusive Rights, and Debtor will seek approval thereof at the Sale Hearing.

In the event there is an Auction, all bidders must appear in person or through a duly authorized representative.  At or prior to the commencement of the Auction, Debtor will notify all Qualified Bidders of the then highest and best Qualified Bid for the Assets and/or the Exclusive Rights as received by that time.

If more than one Bid is submitted, each such bidder shall have the right to continue to improve its Bid at the Auction.  The procedures and the manner in which the Auction will proceed shall be determined by Debtor and CTG in consultation with Wells Fargo and counsel to the Committee (unless inconsistent with the terms of the Agreements).  Qualified Bidders will be notified of such procedures prior to the beginning of the Auction.

The initial minimum Bid at the Auction for the Assets and/or the Exclusive Rights must provide for a Guaranteed Amount, in cash, equal to at least (i) the Guaranteed Amount stated in the Hudson Bid; (ii) the Breakup Fee; and (iii) an initial overbid equal to $20,000 (the "**Initial Minimum Overbid**"). Subsequent Bids after the Initial Minimum Overbid must be in increments of no less than $100,000 (a "**Subsequent Overbid**").  Debtor and CTG in consultation with Wells Fargo and counsel to the Committee may alter the bidding increments for any Subsequent Overbid at any time.

The Auction will continue in one or more rounds of bidding and shall conclude after each participating bidder has had an opportunity to submit an additional Subsequent Overbid, after being advised of the then highest bid and the identity of the party making such next highest bid.   Unless otherwise agreed by Debtor and Hudson, the Auction shall run continuously until completed.

Debtor further reserves the right, in consultation with Wells Fargo and counsel to the Committee, to (a) amend and/or impose additional terms and/or conditions at or prior to the Auction that they believe will better promote the goals of the Auction and do not otherwise conflict with the terms and requirements set forth in the Agreements and (b) subject to the terms of the Agreements, extend the deadlines set forth in the Bidding Procedures and/or adjourn the Auction at the Auction and/or the Sale Hearing in open court or on the Court's calendar on the date scheduled for said hearing without further notice to creditors or parties in interest.

At the conclusion of the Auction, (i) the highest or otherwise best bids for the Assets and/or Exclusive Rights (whether (A) the highest or otherwise best bid for the Assets or (B) a combination of highest or otherwise best bids for certain Assets and Exclusive Rights (taking into consideration Debtor's reasonable estimate of net realizable short term value for all Assets and Exclusive Rights which would not be purchased by the bids considered in this clause B) (whether one or more, the "**Winning Bid**"), and (ii) the Second Place Bid shall in each case be determined by Debtor in consultation with Wells Fargo and counsel to the Committee.   Debtor and the entity (or entities) that made the Winning Bid (each, a "**Winning Bidder**") will enter into definitive agreements (which are subject to Court approval) before the Auction is adjourned.  In selecting the Winning Bid(s), Debtor will take into consideration, among other things, a bid's financial and contractual terms and the factors relevant to the sale process and the best interests of Debtor's estate and creditors, including, without limitation, those factors affecting the speed and certainty of consummating a sale transaction, as well as the Debtor's liability, if any, for payment of the Breakup Fee.

Subject to the foregoing, any party may appear and be heard as to what bid(s) is the highest and best bid(s) for the Assets and/or Exclusive Rights.

5. Supplement

Debtor will file with the Court a supplement (the "**Supplement**") that will inform the Court of the results of the Auction and the Winning Bid and the Second Place Bid (if any). To the extent that Hudson's bid embodied in the Agreements is not the Winning Bid at the Auction, the Supplement will identify, among other things, the proposed purchaser(s) of the Assets and/or the Exclusive Rights and the consideration to be paid by such purchaser for the Assets and/or Exclusive Rights. In addition, Debtor will attach to the Supplement, as exhibits, (a) any revised proposed order approving the Sale and (b) copies of the Agreements entered into by Debtor and the Winning Bidder(s). Debtor will file and serve the Supplement as promptly as is reasonably practicable prior to the Sale Hearing.

The Supplement will be available, free of charge, on the Claims Agent's website: http://dm.epiq11.com/Swoozies. Additionally, Debtor will serve the Supplement in accordance with the notice procedures adopted in this chapter 11 case and, in any event, to any person who submits a written request therefor to Alston & Bird LLP, Wendy R. Reiss, 1201 West Peachtree Street, Atlanta, Georgia 30309, (swoozies@alston.com).

6. Objections

Objections to the relief requested in the Sale Motion relating to the issues to be addressed at the Sale Hearing, must be in writing and filed and served so as to be actually received on or before 5:00 p.m. on March 26, 2010, by counsel to Debtor, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309 attention: Wendy R. Reiss (wendy.reiss@alston.com), counsel to Wells Fargo, Parker Hudson Rainer & Dobbs LLP, 285 Peachtree Center Avenue, NE, 1500 Marquis Two, Atlanta, GA 30303 attention: James S. Rankin (jsr@phrd.com) and counsel to the Committee, Arnall Golden Gregory LLP, 171 17th Street NW, Suite 2100, Atlanta, GA 30363 attention: Darryl S. Laddin (darryl.laddin@agg.com), Michael F. Holbein (michael.holbein@agg.com), and counsel to Hudson, Scroggins & Williamson, P.C., 1500 Candler Building, 127 Peachtree Street, Atlanta, Georgia 30303 attention: J. Hayden Kepner, Jr. (hkepner@swlawfirm.com).

7. Court Approval

A hearing on all the remaining relief requested in the Sale Motion and to consider the results of the Auction, including any proposed augmentation of inventory to occur after the Auction (the "**Sale Hearing**") will be held before the Honorable C. Ray Mullins, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, 75 Spring Street Southwest, Atlanta, Georgia, 30303, on **March 29, 2010** at **9:30 a.m.** The Sale will be subject to the entry of an order of the Court approving same.

## SCHEDULE 1

| Creditor | Jurisdiction | File Number | Filing Date | Collateral |
|---|---|---|---|---|
| BB&T Equipment Finance<br>Attn: Tom Jaschik, CEO<br>5130 Parkway Plaza Blvd.<br>Charlotte, NC 28217 | Fulton County, Georgia | 060-2008-002837 | 3/13/2008 | Specific equipment (computer hardware and software) |
| BB&T Equipment Finance<br>Attn: Tom Jaschik, CEO<br>5130 Parkway Plaza Blvd.<br>Charlotte, NC 28217 | Fulton County, Georgia | 060-2008-002838 | 3/13/2008 | Specific equipment (computer hardware and software) |
| BB&T Equipment Finance<br>Attn: Tom Jaschik, CEO<br>5130 Parkway Plaza Blvd.<br>Charlotte, NC 28217 | Fulton County, Georgia | 060-2005-011356 | 9/12/2005 | Specific equipment |
| BB&T Equipment Finance<br>Attn: Tom Jaschik, CEO<br>5130 Parkway Plaza Blvd.<br>Charlotte, NC 28217 | Fulton County, Georgia | 060-2005-013340 | 10/24/2005 | Specific equipment |
| Dell Financial Services L.P.<br>Attn: Michael Dell, CEO<br>12234 N. IH-35<br>Bldg. B<br>Austin, TX 78753<br><br>Dell Financial Services L.P.<br>c/o Corporation Service Company, Registered Agent<br>40 Technology Pkwy South #300<br>Norcross, GA 30092 | Cobb County, Georgia | 033-2007-007614 | 8/6/2007 | Specific equipment (computer equipment) |
| Evans National Leasing, Inc.<br>Attn: John Gallo, President<br>One Grimsby Drive<br>Hamburg, NY 14075 | Delaware Secretary of State | 5353531 8 | 11/15/2005 | Specific equipment |
| Evans National Leasing, Inc.<br>Attn: John Gallo, President<br>One Grimsby Drive<br>Hamburg, NY 14075 | Delaware Secretary of State | 5353555 7 | 11/15/2005 | Specific equipment |
| Financial Pacific Leasing, LLC<br>Attn: Paul Menzel, CEO<br>P.O. Box 4568<br>Federal Way, WA 98063-4568<br><br>Assigned to: Wells Fargo Bank N.A.<br>Attn: Carrie Tolstedt, CEO<br>MAC N9311-161 Sixth and Marque<br>Minneapolis, MN 55479 | Barrow County, Georgia | 007-2005-017861 | 12/2/2005 | Specific equipment |
| General Electric Capital Corporation<br>Attn: Michael Neal, CEO<br>10 Riverview Drive<br>Danbury, CT 06810 | Delaware Secretary of State | 2007 0939024 | 3/8/2007 | Specific equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Delaware Secretary of State | 4311682 1 | 10/29/04<br>(amendment filed on 1/26/2005) | Specific Equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Delaware Secretary of State | 4311684 7 | 10/29/04<br>(amendment filed on 11/18/04) | Specific equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Delaware Secretary of State | 4311685 4 | 10/29/2004 | Specific equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Delaware Secretary of State | 4311720 9 | 10/29/2004<br>(amendment filed on 12/6/04) | Specific equipment |

| Creditor | Jurisdiction | File Number | Filing Date | Collateral |
|---|---|---|---|---|
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Fulton County, Georgia | 060-2004-014025 | 11/3/2004<br>(amendment filed<br>on 1/31/05) | Specific equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Fulton County, Georgia | 060-2004-014026 | 11/3/2004<br>(amendment filed<br>on 11/22/04 to add<br>equipment) | Specific equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Fulton County, Georgia | 060-2004-014027 | 11/3/2004<br>(amendment filed<br>on 12/7/04) | Specific equipment |
| Heritage Pacific Leasing<br>Attn: John Otto, CEO<br>3439 W. Shaw Ave.<br>Fresno, CA 93711-3204 | Fulton County, Georgia | 060-2005-001994 | 2/15/2005<br>(amendment filed<br>on 3/7/05) | Specific equipment |
| LEAF Funding Inc<br>Attn: Crit Dement, CEO<br>1818 Market Street<br>9th Floor<br>Philadelphia, PA 19422 | Delaware Secretary of State | 2007 0341833 | 1/26/2007 | Specific equipment |
| LEAF Funding Inc<br>Attn: Crit Dement, CEO<br>1818 Market Street<br>9th Floor<br>Philadelphia, PA 19422 | Barrow County, Georgia | 007-2007-024265 | 11/29/2007 | Specific equipment |
| Royal Bank America Leasing<br>550 Township Line Road<br>Suite 425<br>Blue Bell, PA 19422 | Delaware Secretary of State | 6367637 6 | 10/3/2006 | Specific equipment |
| Royal Bank America Leasing<br>550 Township Line Road<br>Suite 425<br>Blue Bell, PA 19422 | Delaware Secretary of State | 6394981 5 | 10/26/2006 | Specific equipment |
| Susquehanna Commercial Finance, Inc.<br>Attn: Kenneth R. Collins, Jr., CEO<br>1566 Medical Drive<br>Suite 201<br>Pottstown, PA 19464 | Delaware Secretary of State | 2007 0446251 | 2/1/2007 | Specific equipment |
| The Leasing Experts, Inc.<br>Attn: Ginny Estape, Director of Operations<br>9000 S.W. 152nd St.<br>Suite 206<br>Miami, FL 33157<br><br>Mainstreet Bank<br>Attn: Tom Depping, CEO<br>23970 U.S. Hwy. 59 N<br>Kingwood, TX 77339 | Barrow County, Georgia | 007-2006-005492 | 3/31/2006 | Specific equipment |
| US Bancorp<br>Attn: Richard Davis, CEO<br>U.S. Bancorp Center<br>800 Nicollet Mall<br>Minneapolis, MN 55402 | Barrow County, Georgia | 007-2004-015162 | 11/5/2004 | Specific equipment |

## **Exhibit B**

## **Auction and Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SWOOZIE'S, INC.,[1] | ) | Case No. 10-66316-CRM |
| | ) | |
| Debtor. | ) | |

**NOTICE OF BIDDING PROCEDURES, AUCTION DATE AND SALE HEARING**

PLEASE BE ADVISED that, on March 4, 2010, the above-captioned debtor and debtor-in-possession ("**Debtor**") filed a motion (the "**Sale Motion**")[2] for orders (A)(I) approving the sale procedures and bidding protections (collectively, the "**Bidding Procedures**") to be employed in connection with the proposed sale (the "**Sale**") of substantially all of Debtor's assets (the "**Assets**") pursuant to Section 363 of the United States Bankruptcy Code, (II) scheduling an auction and hearing to consider approval of the Sale of the Assets to Hudson Capital Partners, LLC (the "**Stalking Horse**"), or such other purchaser(s) providing a higher or otherwise better offer for any or all of the Assets; (III) approving notice of the respective dates, times, and places for an auction and for the hearing on approval of the Sale (the relief requested in such items (A)(I) through (III) is collectively referred to herein as the "**Initial Relief**"); and (B)(I) authorizing and approving the proposed asset purchase, agency, and lease designation rights agreements with Hudson Capital Partners, LLC, or such other purchaser providing a higher or otherwise better offer; (II) authorizing the Sale of the Assets free and clear of liens, claims, encumbrances, and other interests; (III) authorizing Debtor to consummate all transactions related to the above; and (IV) granting other relief.

---

[1]  The last four digits of Debtor's taxpayer identification number are 5738 and Debtor's mailing address is 80 W. Wieuca Road, Suite 302, Atlanta, GA 30342.

[2]  All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures attached hereto as Exhibit 1 or the Sale Motion, as applicable.

PLEASE BE FURTHER ADVISED that, on March __, 2010, the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**") entered an Order (the "**Bidding Procedures Order**") granting the Initial Relief, including approving the bidding procedures attached hereto as Exhibit 1 (the "**Bidding Procedures**") in connection with the proposed Sale by Debtor of the Assets to Hudson Capital Partners, LLC ("**Hudson Capital**") or another party submitting a higher or otherwise better offer therefor.

PLEASE BE FURTHER ADVISED that, as outlined in greater detail in and pursuant to the Bidding Procedures, competing bids for the acquisition of the Assets, or the exclusive right to act as Debtor's agent to market and sell certain of the Assets (the "**Exclusive Rights**"), must be in writing, comply with the terms and conditions set forth in the Bidding Procedures, and be received by: Debtor's financial advisors, Clear Thinking Group, Lee Diercks (ldiercks@clearthinkinggrp.com), Alan Minker (aminker@clearthinkinggrp.com), Roxanne Norris (rnorris@clearthinkinggrp.com); counsel to Debtor, Alston & Bird LLP, Wendy R. Reiss (wendy.reiss@alston.com), Sage M. Sigler (sage.sigler@alston.com), Dennis J. Connolly (dennis.connolly@alston.com); counsel to Wells Fargo, Parker Hudson Rainer & Dobbs LLP, James S. Rankin (jsr@phrd.com); counsel to the Committee, Arnall Golden Gregory LLP, Darryl S. Laddin (darryl.laddin@agg.com), Michael F. Holbein (michael.holbein@agg.com) ; and the Committee's financial advisors, Traxi, LLC, Steve San Filippo (ssanfilippo@traxi.com) no later than **12:00 noon** on **March 23, 2010** (the "**Bidding Deadline**").

PLEASE BE FURTHER ADVISED that, as outlined in greater detail in and pursuant to the Bidding Procedures, if, in addition to the bid of Hudson Capital as embodied in the Agreements, one or more Qualified Bids are received by the Bidding Deadline, the Auction will be conducted at the offices of Alston & Bird LLP, 1180 West Peachtree Street, Fifteenth Floor,

Atlanta, Georgia 30309, or at another location as may be timely disclosed by the Debtors to Qualified Bidders, on or about **10:00 a.m.** on **March 25, 2010** (the "**Auction Date**").  If, however, the only Bid received by the Bidding Deadline (unless Debtor has extended such deadline in accordance with the terms of the Sale Motion) is that embodied in the Agreements with Hudson Capital, then the Auction will not be held, Hudson Capital will be deemed the Winning Bidder for the Assets, and Debtor will seek approval thereof at the Sale Hearing.

PLEASE BE FURTHER ADVISED that Debtor will file with the Court a supplement (the "**Supplement**") that will inform the Court of the results of the Auction and the Winning Bid and the Second Place Bid (if any).  To the extent Hudson Capital's bid is not the Winning Bid, the Supplement will identify, among other things, the proposed purchaser(s) of the Assets and/or the Exclusive Rights and the consideration to be paid by such purchaser(s) for the Assets and/or the Exclusive Rights.  In addition, Debtor will attach to the Supplement, as exhibits, (a) any revised proposed order approving the Sale and (b) copies of the agreement(s) entered into by Debtor and the Winning Bidder(s).  Debtor will file and serve the Supplement as promptly as is reasonably practicable prior to the Sale Hearing.

PLEASE BE FURTHER ADVISED that Hudson Capital's Bid does include, and a Winning Bid may include, an agreement that allows Hudson Capital, or would allow the proposed purchaser, to augment Debtor's inventory during any store closing or going out of business sales.

PLEASE BE FURTHER ADVISED that a hearing to consider the remaining relief requested in the Sale Motion and the results of the Auction, including any proposed augmentation of inventory to occur after the Auction, (the "**Sale Hearing**") will be held before the Honorable C. Ray Mullins, United States Bankruptcy Court Judge, at the United States

Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Courtroom 1203, 75 Spring Street S.W., Atlanta, Georgia 30303, on **March 29, 2010** at **9:30 a.m.** (the "**Sale Hearing Date**").

PLEASE BE FURTHER ADVISED that, as outlined in greater detail in and pursuant to the Bidding Procedures, objections to all remaining relief requested in the Sale Motion, must be in writing, stating with particularity the grounds for such objection or other statements of positions, and filed and served so as to be actually received by the undersigned counsel to Debtor, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309 attention: Wendy R. Reiss (wendy.reiss@alston.com); counsel to Wells Fargo Bank, N.A., Parker Hudson Rainer & Dobbs LLP, 285 Peachtree Center Avenue, NE, 1500 Marquis Two, Atlanta, GA 30303 attention: James S. Rankin (jsr@phrd.com); counsel to the Committee, Arnall Golden Gregory LLP, 171 17th Street NW, Suite 2100, Atlanta, GA 30363 attention: Darryl S. Laddin (darryl.laddin@agg.com), Michael F. Holbein (michael.holbein@agg.com); and counsel to Hudson Capital, Scroggins & Williamson, P.C., 1500 Candler Building, 127 Peachtree Street, Atlanta, Georgia 30303 attention: J. Hayden Kepner, Jr. (hkepner@swlawfirm.com) by **5:00 p.m.** on **March 26, 2010**.

PLEASE BE FURTHER ADVISED that, as outlined in greater detail in and pursuant to the Bidding Procedures, Debtor reserves the right, in consultation with Wells Fargo and counsel to the Committee to (a) amend and/or impose additional terms and/or conditions at or prior to the Auction that they believe will better promote the goals of the Auction and are not inconsistent with the terms and requirements of the Agreements and (b) subject to the terms of the Agreements, extend the deadlines set forth in the Bidding Procedures and/or adjourn the Auction

at the Auction and/or the Sale Hearing in open court or on the Court's calendar on the date scheduled for said hearing without further notice to creditors or parties in interest.

PLEASE BE FURTHER ADVISED that all requests for information concerning the Assets and, in particular, any requests for a draft confidentiality agreement, should be in writing and directed to Clear Thinking Group.

PLEASE BE FURTHER ADVISED that all parties who timely execute and return a confidentiality agreement to Clear Thinking Group and who provide, in the Debtor's discretion in consultation with Wells Fargo and counsel to the Committee, information demonstrating sufficient financial wherewithal, will be provided certain due diligence materials, including a process letter, and access to an electronic Data Room containing information, among other things, relevant to Debtor's inventory, forecasts, earnings and revenues. Thereafter, Debtor and Clear Thinking Group shall entertain any further reasonable requests for additional information and due diligence from any party who has so executed a confidentiality agreement and provided the required satisfactory evidence of financial wherewithal, and has also submitted a written non-binding expression of interest to the reasonable satisfaction of Debtor and its advisors. Debtor, in its discretion and after consultation with Wells Fargo and counsel to the Committee, may deny any such requests for additional information, if, after taking into account, among other things, business factors (such as whether or not the proposed purchaser is currently a competitor of Debtor), legal, regulatory, and other considerations, they determine that doing so would not be in the best interests of its estate and creditors or is otherwise contrary to the goals of the Auction and the Sale.

PLEASE BE FURTHER ADVISED that any party that wishes to obtain a copy of the Sale Motion, including all exhibits thereto, or the Supplement (following the filing thereof, in the

time and manner set forth herein) may obtain copies in portable document format, free of charge, on the Claims Agent's website:  http://dm.epiq11.com/Swoozies.  Interested parties may also make such a request in writing to the undersigned counsel to Debtor, including by electronic mail to swoozies@alston.com.

PLEASE BE FURTHER ADVISED that additional information regarding this Bankruptcy Case is available on the Claims Agent's website: http://dm.epiq11.com/Swoozies. Any party wishing to obtain further information may contact counsel to Debtor by sending an e-mail to swoozies@alston.com, or by calling Debtor's dedicated information line at (404) 253-8904.

Dated: March ___, 2010

ALSTON & BIRD LLP

_____
Dennis J. Connolly (Bar No. 182275)
Wendy R. Reiss (Bar No.600295)
Sage M. Sigler (Bar No. 300707)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Proposed Attorneys for Debtor*

# __EXHIBIT 1__

THE BIDDING PROCEDURES

**[Exhibit Omitted, Attached to Order as Exhibit A]**