IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SWOOZIE'S, INC.,[1] | ) | Case No. 10-66316-CRM |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR ENFORCEMENT OF
ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY
CODE AUTHORIZING AND APPROVING (I) DEBTOR'S ENTRY INTO
THE ASSET PURCHASE AND AGENCY AGREEMENTS WITH HILCO
MERCHANT RESOURCES, LLC, (II) AUTHORIZING THE SALE OF
CERTAIN OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS,
(III) AUTHORIZING DEBTOR TO CONSUMMATE ALL TRANSACTIONS
RELATED TO THE ABOVE, AND (IV) GRANTING OTHER RELIEF;
AND
MOTION FOR ORDER SHORTENING TIME FOR HEARING ON THE
<u>EMERGENCY MOTION</u>**

COMES NOW Hilco Merchant Resources, LLC ("**Hilco**" or "**Purchaser**") and files this Emergency Motion (the "**Emergency Motion**") for Enforcement of Order Pursuant to Section 363 of the Bankruptcy Code Authorizing and Approving (I) Debtor's Entry into the Asset Purchase and Agency Agreements with Hilco Merchant Resources, LLC, (II) Authorizing the Sale of Substantially All of Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing Debtor to Consummate All Transactions Related to the Above; and (IV) Granting Other Relief (the "**Sale Order**", a true and correct copy of which is attached hereto as **Exhibit A**). Hilco also moves for an Order shortening the time for hearing on the Emergency Motion because immediate relief from interference by certain governmental entities with the

---

[1] The last four digits of Debtor's taxpayer identification number are 5738 and Debtor's mailing address is 80 W. Wieuca Road, Suite 302, Atlanta, GA 30342.

going out of business being conducted by Hilco is necessary in order for those sales to be as effective as possible for the benefit of the Debtor and its creditors during the short busy sales season of Passover and Easter; high school and college graduations; high school proms; Mother's Day; Father's Day; and June weddings.. In support of the Emergency Motion, Hilco shows as follows:

1. The Court has subject matter jurisdiction to consider this Emergency Motion and the relief requested herein pursuant to 28 U.S.C. § 1334. This Emergency Motion and the relief requested herein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Emergency Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

2. The Sale Order was entered by this Court on March 30, 2010, without objection by any governmental entity. The Sale Order provides, in pertinent part:

> 10. The provisions of this Order shall be self-executing notwithstanding any restrictions in the Agreements on the Agent's ability to conduct the Sales in compliance with applicable laws or Closing Location leases. All Landlords are directed to accept this Order as binding authority so as to authorize Debtor and the Agent to consummate the Agreements and to conduct the Sales at the Closing Locations, including, without limitation, conducting the Sales in accordance with the Agreements, the Sale Guidelines and this Order; and no further approval, license or permits of any governmental authority shall be required.
>
> 11. If any parties or persons, including but not limited to Landlords, subtenants, utility companies, governmental agencies (except to the extent provided otherwise in this Order), sheriffs, marshals or other public officers, creditors and all those acting for or on their behalf, believe that cause exists to: (a) prohibit the Agent from advertising the Sales, to the extent same is consistent with the Agreements; (b) in any way interfere with or otherwise impede the conduct of the Sales at the Closing Locations or the use or maintenance of the Merchandise and FF&E thereat; or (c) institute any action or proceeding in any court or other administrative body having as its objective the obtaining of an order or judgment against Debtor, the Agent or a Landlord which might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sales at the Closing Locations or corporate headquarters and/or seek to recover damages for breach(es) of covenants or provisions in any lease or

sublease based upon any relief authorized herein, this Court shall retain exclusive jurisdiction to resolve such dispute, and such parties or persons shall take no action against Debtor, the Agent, the Landlord or the Sales until this Court has resolved such dispute. This Court shall hear the request of such persons or parties with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.

12. The Sales at the Closing Locations and the sale of the FF&E shall be conducted by Debtor and the Agent without the necessity of compliance with any federal, state or local statute or ordinance, lease provision or licensing requirement affecting store closing, "going out of business", liquidation or auction sales, or affecting advertising, including signs, sign walkers, banners, and posting of signage, other than those relating to public health and safety, except to the extent set forth in the Sale Guidelines.

15. Provided that the Sales are conducted in accordance with the terms of this Order, the Agreements and the Sale Guidelines, Debtor, its Landlords and the Agent are presumed to be in compliance with the requirements of any applicable "going out of business," "store closing," similar inventory liquidation sales, or bulk sale laws, including laws restricting safe, professional and non-deceptive, customary advertising of GOB Sales such as signs, banners, posting of signage, and use of sign walkers, and including ordinances establishing licensing or permitting requirements, waiting periods, time limits or bulk sale restrictions that would otherwise apply (the "**GOB Laws**"). To the extent there is a dispute arising from or relating to the Sales, this Order, the Agreements, or the Sale Guidelines, which dispute relates to any GOB Law (a "**Reserved Dispute**"), the Court shall retain exclusive jurisdiction to resolve the Reserved Dispute.

16. Except as otherwise set forth in this Order, this Court shall retain exclusive jurisdiction with regard to all issues on disputes in connection with this Order and the relief provided for herein, including, without limitation, to protect Debtor, the Landlords and/or the Agent from interference with the Sale, and to resolve any disputes related to the Sale or arising under the Agreements or the implementation thereof.

Sale Order, pp. 8-10.

      3.      Since the entry of the Sale Order, Hilco has been conducting going out of business sales at the Debtor's stores in accordance with the Sale Guidelines attached as Exhibit 7.1 to the Asset Purchase Agreement (see Sale Order, Exhibit A). However, the cities of Peachtree City, Georgia, and Dallas, Texas, are interfering with the going out of

- 3 -

business sales being conducted by Hilco at two of the Debtor's stores: Store No. 6 located at 504 Circle Gate, Peachtree City, Georgia; and, Store No. 9 located at 8417 Preston Center Plaza Drive, Dallas, Texas. Specifically, the cities of Peachtree City and Dallas have threatened to personally cite the managers of Stores 6 and 9 if the going out of business sales conducted by Hilco do not comply with the sign ordinances attached hereto as **Exhibits B (Peachtree City)** and **C (Dallas)**. The managers of Stores 6 and 9 and representatives of Hilco have provided copies of this Court's Sale Order to the enforcement authorities of Peachtree City and Dallas and have been told that Peachtree City and Dallas intend to enforce their respective sign ordinances notwithstanding the provisions of paragraphs 10, 11, 12, 15 and 16 of the Sale Order.

        4.        As was stated by Mr. Lee Diercks of Clear Thinking Group, the financial advisor to the Debtor, during his testimony at the Sale Hearing, the ability of Hilco to conduct going out of business sales at the Debtor's stores in accordance with the Sales Guidelines is a material part of the Asset Purchase Agreement and is necessary in order for those sales to be as effective as possible for the benefit of the Debtor and its creditors during the short busy sales season of Passover and Easter; high school and college graduations; high school proms; Mother's Day; Father's Day; and June weddings.

        WHEREFORE, Hilco respectfully prays:

        (A) for an order of this Court enforcing the relevant provisions of the Sale Order and prohibiting the cities of Peachtree City, Georgia, and Dallas, Texas, from interfering with the going out of business sales being conducted by Hilco at the Debtor's stores in accordance with the Sales Guidelines;

- 5 -

(B) for an order of this Court shortening the time for hearing on the Emergency Motion; and,

(C) for such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ John W. Mills, III
John W. Mills, III, No. 509705
Barnes & Thornburg LLP
Atlanta Financial Center
3343 Peachtree Road, N.E., Suite 1150
Atlanta, Georgia 30326-1428
Phone: (404) 264-4030
Mobile: (404) 219-5038
Facsimile: (404) 264-4033
E-Mail: john.mills@btlaw.com

*Attorneys for Hilco Merchant Resources , LLC*

ATDS01 79235v1